UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH JEROME WRIGHT,<br><br>        Plaintiff,<br><br>    v.<br><br>RODRIGUEZ, et al.,<br><br>        Defendants. | No.  1:23-cv-01586 GSA (PC)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS<br><br>ORDER RECOMMENDING:<br><br>(1) PLAINTIFF BE DECLARED A THREE STRIKES LITIGANT WITHIN THE MEANING OF 28 U.S.C. § 1915(g)<br><br>(2) PLAINTIFF'S IN FORMA PAUPERIS STATUS BE REVOKED<br><br>(3) THE PENDING APPLICATION TO PROCEED IN FORMA PAUPERIS BE DENIED, AND<br><br>(4) PLAINTIFF BE REQUIRED TO PAY FILING FEE IN FULL PRIOR TO PROCEEDING ANY FURTHER WITH THIS ACTION<br><br>(ECF Nos. 7, 11)<br><br>PLAINTIFF'S OBJECTIONS DUE IN FOURTEEN DAYS |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

1

For the reasons stated below, the undersigned will recommend: (1) that Plaintiff be declared a three strikes litigant within the meaning of 28 U.S.C. § 1915(g); (2) that Plaintiff's in forma pauperis status in this matter be revoked; (3) that his pending application to proceed in forma pauperis be denied, and (4) that Plaintiff be required to pay the filing fee in full in this case prior to proceeding any further in it.

I.  RELEVANT PROCEDURAL HISTORY

Plaintiff brought[1] this case ("Wright I") on November 2, 2023. See ECF No. 1 at 6 (11/2/23 signature date of complaint); see also ECF No. 2 at 2 (11/2/24 signature date on application to proceed in forma pauperis). On November 17, 2023, Plaintiff's application to proceed in forma pauperis was granted. ECF No. 7.

On September 3, 2024, after conducting a cursory review of Wright v. Zaldivar-Galvez, No. 1:24-cv-01029 GSA ("Wright II"), another matter Plaintiff has filed that is currently before the Court, the undersigned determined that Plaintiff was likely a three strikes litigant within the meaning of 28 U.S.C. § 1915(g). As a result, in that case the Clerk of Court was directed to relate Wright II to Wright I with respect to the Section 1915(g) issue.[2] See Wright II, ECF No. 6. Thereafter, on the same day, orders issued in both matters directing Plaintiff to show cause: (1) why his in forma pauperis status in Wright I should not be revoked, and (2) why his application to proceed in forma pauperis in Wright II should not be denied. See Wright I, ECF No. 10; see also Wright II, ECF No. 7. Plaintiff was given twenty-one days to file responses to the orders to show cause.

On September 20, 2024, in both matters, new applications to proceed in forma pauperis filed by Plaintiff were docketed. See Wright I, ECF No. 11; Wright II, ECF No. 9. To date, however, Plaintiff has not filed responses to the orders to show cause in either case.

---

[1] An action has been "brought" for purposes of Section 1915(g) when a complaint and a request to proceed in forma pauperis have been submitted to the Court. See O'Neal v. Price, 531 F.3d 1146, 1152 (9th Cir. 2008).

[2] For purposes of consistency, in this order the undersigned will also direct the Clerk of Court to assign the same District Judge to Wright I and Wright II.

II.     IN FORMA PAUPERIS STATUS

"[In forma pauperis] status is not a constitutional right." Rodriguez v. Cook, 169 F.3d 1176, 1180 (9th Cir. 1999) (brackets added); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("To proceed in forma pauperis is a privilege not a right."). An inmate's in forma pauperis status may be revoked *at any time* if the court, either sua sponte or on a motion, determines that the status was improvidently granted. Keeton v. Marshall, No. CV 17-01213 FMO (KS), 2018 WL 4381543, at *6 (C.D. Cal. June 8, 2018) (citation omitted) (italics added); Owens v. Matthews, No. CV 16-07755 JFW (KS), 2017 WL 603183, at *2 (C.D. Cal. Jan. 6, 2017) (stating same). The grant or refusal of permission to proceed in forma pauperis is left to the sound discretion of the district court. Smart, 347 F.2d 114, 116 (9th Cir. 1963) (citing Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963)). The latitude given a district court in such matters is especially broad in civil actions by prisoners against their wardens and other officials. Smart, 347 F.2d at 116 (footnote citation omitted); Shobe v. People of State of California, 362 F.2d 545, 546 (9th Cir. 1966) (citing Smart).

III.    THREE STRIKES RULE:  28 U.S.C. § 1915(g)

28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"It is well-settled that, in determining a [Section] 1915(g) 'strike,' the reviewing court looks to the dismissing court's action *and the reasons underlying it*." Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (brackets added) (emphasis added) (citation omitted). "[Section] 1915(g) should be used to deny a prisoner's in forma pauperis status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2006) (brackets added). "[W]hen a

3

1  district court disposes of an in forma pauperis complaint 'on the grounds that [the claim] is
2  frivolous, malicious, or fails to state a claim upon which relief may be granted,' such a complaint
3  is 'dismissed' for purposes of § 1915(g) even if the district court styles such dismissal as denial of
4  the prisoner's application to file the action without prepayment of the full filing fee." O'Neal v.
5  Price, 531 F.3d 1146, 1153 (9th Cir. 2008) (second alteration in original).  Dismissal also counts
6  as a strike under § 1915(g) "when (1) a district court dismisses a complaint on the ground that it
7  fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an
8  amended complaint" regardless of whether the case was dismissed with or without prejudice.
9  Harris v. Mangum, 863 F.3d 1133, 1142-43 (9th Cir. 2017).

10       An inmate who has accrued three strikes is precluded from proceeding in forma pauperis
11 unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  To satisfy
12 the exception, the plaintiff must have alleged facts that demonstrate that he was "under imminent
13 danger of serious physical injury" at the time of filing the complaint.  Andrews v. Cervantes, 493
14 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the
15 complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)."); see also
16 Abdul-Akbar v. McKelvie, 239 F.3d 307, 312-14 (3rd Cir. 2001); Medberry v. Butler, 185 F.3d
17 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v.
18 O'Guin, 144 F.3d 883, 885 (5th Cir. 1998); Lipsey v. Allison, No. 1:21-cv-00912 GSA, 2021 WL
19 2390424, at *3 (E.D. Cal. June 11, 2021) ("The availability of the imminent danger exception
20 turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or
21 later time.").

22       The danger faced by a prisoner at the time of filing must be imminent or ongoing.  See,
23 e.g., Medberry, 185 F.3d at 1193 (finding plaintiff was not in either imminent or ongoing danger
24 and denying him ability to proceed in forma pauperis as three strikes litigant).  "Imminent danger
25 of serious physical injury must be a real and present threat, not merely speculative or
26 hypothetical." Lipsey, 2012 WL 2390424, at *3; Blackman v. Mjening, No. 1:16-cv-01421 LJO
27 GSA, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016).  In addition, "the imminent danger
28 exception to the [Prison Litigation Reform Act's] three strikes provision requires a nexus between

the alleged imminent danger and the violations of law alleged in the complaint." Ray v. Lara, 31 F.4th 692, 695 (9th Cir. 2022) (brackets added).

### IV. PLAINTIFF'S PRIOR STRIKES

A review of court records reveals that at least three cases brought by Plaintiff qualify as strikes under Section 1915(g).  The Court takes judicial notice of the following lawsuits[3] previously filed by Plaintiff and dismissed on grounds listed in Section 1915(g) prior to him bringing Wright I and Wright II:

- Wright v. Sacramento Police Department, No. 2:13-cv-02125 EFB (E.D. Cal. Aug 8, 2014) (dismissed for failure to amend after determination that matter failed to state a claim);[4]

- Wright v. Bank of America, 2:16-cv-01858 MCE CKD (E.D. Cal. Jan 31, 2017) (dismissal for failure to amend after determination that matter failed to state a claim), and

- Wright v. Sherman, No. 1:21-cv-01111 DAD SAB (E.D. Cal. Feb. 22, 2022) (voluntary dismissal after determination that complaint failed to state a claim);[5]

---

[3] The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotation marks omitted) (collecting cases); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

[4] The dismissal of a complaint after (1) a court has determined that it fails to state a claim, and (2) a plaintiff is granted leave to amend, yet he fails to do so constitutes a strike under Section 1915(g).  See Harris v. Mangum, 863 F.3d 1133, 1143 (9th Cir. 2017).

[5] A voluntary dismissal after it has been determined that a complaint fails to state a claim still constitutes a strike within the meaning of 28 U.S.C. § 1915(g).  See Harris v. Mangum, 863 F.3d 1133 (9th Cir. 2017) (style of dismissal immaterial when determining if dismissal counts as strike; question is whether dismissal "rang the [Prison Litigation Reform Act] bells of frivolous, malicious, or failure to state a claim'); Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) ("It is well-settled that, in determining a [Section] 1915(g) 'strike,' the reviewing court looks to the dismissing court's action and the reasons underlying it."); Sumner v. Tucker, 9 F. Supp. 2d 641, 643-44 (E.D. Va. 1998) (voluntary dismissal does not relieve plaintiff of consequences of filing frivolous action under Section 1915(g)); Heilman v. Deillen, No. 14-cv-6298 JVS FFM, 2017 WL 10591881, at *4-5 (C.D. Cal. Sept. 18, 2017) ("[I]t would frustrate the purposes of § 1915(g) if plaintiff avoided a strike merely because he, rather than the court, instigated the dismissal of an action that he acknowledged was non-viable.").

1  V.  DISCUSSION

2  A.  Matter Brought After Three Strikes Accrued

3  Plaintiff brought this matter before this Court on November 2, 2023. See ECF No. 1 at 12; ECF No. 2 at 2 (signature pages of complaint, in forma pauperis application, respectively). At that time, all three of the above-referenced cases had been dismissed on grounds stated in Section 1915(g). As a result, as a three strikes litigant, Plaintiff is required to pay the filing fee in full in this case unless at the time he brought it before this Court he made an adequate showing that he was in imminent danger of serious physical harm. See 28 U.S.C. § 1915(g) (serious physical harm requirement).

B.  No Imminent Danger Alleged in Instant Case

A review of the complaint indicates that Plaintiff does not allege that he was in imminent danger of serious physical harm when he filed it with the Court. See generally ECF No. 1. Therefore, as a three strikes litigant, Section 1915(g) precludes him from proceeding with this case without first paying the filing fees for it in full. See 28 U.S.C. § 1915(g). Consequently, he should be ordered to do so.

C.  Failure to File Showing of Cause

When Plaintiff was ordered to file a showing of cause, he was given the opportunity to refute these findings and establish that he is not required to pay the filing fee in full as 28 U.S.C. § 1915(g) requires. See ECF No. 10 (order to show cause). In the showing of cause order, Plaintiff was also cautioned that failure to comply with the instructions in it might result in a recommendation that this matter be dismissed. Id. at 4. To date, however, Plaintiff has not availed himself of the opportunity to refute the Court's findings. Instead, he has filed a second unsolicited application to proceed in forma pauperis. ECF No. 1.

It is possible that Plaintiff misunderstood what he was to do in response to the order to show cause and/or he believes that filing a new in forma pauperis application is a sufficient response to the order. Despite this possibility, because Plaintiff's filing of the new application is an insufficient response to the order to show cause, and he is required to follow the same rules as

other litigants despite his pro se litigant status,[6] the Court will recommend that Plaintiff's second application to proceed in forma pauperis (ECF No. 11) be denied and that the grant of Plaintiff's current in forma pauperis status (see ECF No. 7) be revoked.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court randomly assign <u>the same</u> District Judge to <u>Wright v. Rodriguez</u>, No. 1:23-cv-01586 GSA, and <u>Wright v. Zaldivar-Galves</u>, No. 1:24-cv-01029 GSA.

IT IS FURTHER RECOMMENDED that consistent with 28 U.S.C. § 1915(g):

1.  Plaintiff be DECLARED a three strikes litigant within the meaning of the statute;
2.  The Clerk of Court be directed to update the case caption of the docket to reflect that Plaintiff is a three strikes litigant;
3.  Plaintiff's in forma pauperis status (ECF No. 7) be REVOKED;
4.  Plaintiff's outstanding motion to proceed in forma pauperis (ECF No. 11) be DENIED, and
5.  Plaintiff be required to pay the filing fee in full prior to proceeding any further in this matter and to do so within thirty days.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **September 29, 2024**           **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE

---

[6] "Pro se litigants must follow the same rules of procedure that govern other litigants." <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), <u>overruled on other grounds by</u> <u>Lacey v. Maricopa County</u>, 693 F.3d 896 (9th Cir. 2012); <u>Portnoy v. City of Davis</u>, 663 F. Supp. 2d 949, 953 (E.D. Cal. 2009) (citing <u>King</u>).

7