1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| KEITH JEROME WRIGHT, | Case No. 1:23-cv-01586 JLT GSA (PC) |
|---|---|
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, REVOKING PLAINTIFF'S *IN FORMA PAUPERIS* STATUS, AND DIRECTING PLAINTIFF TO PAY THE FILING FEE IN FULL WITHIN 30 DAYS |
| v. | |
| RODRIGUEZ, et al., | |
| Defendants. | |
| | (Doc. 13) |

Previously, the Court granted Keith Jerome Wright's request to proceed *in forma pauperis* in this action. However, upon review of Plaintiff's litigation history, the assigned magistrate judge found Plaintiff is subject to the three strikes bar of 28 U.S.C. § 1915(g), based upon the following actions that were dismissed prior to the filing of this matter:

1. *Wright v. Sacramento Police Dep't*, Case No. 2:13-cv-02125 EFB (E.D. Cal. Aug 8, 2014) (dismissed for failure to amend after determination that matter failed to state a claim)

2. *Wright v. Bank of America*, Case No. 2:16-cv-01858 MCE CKD (E.D. Cal. Jan 31, 2017) (dismissal for failure to amend after determination that matter failed to state a claim)

3. *Wright v. Sherman*, Case No. 1:21-cv-01111 DAD SAB (E.D. Cal. Feb. 22, 2022) (voluntary dismissal after the recommendation for dismissal for failure to state a claim)

(Doc. 13 at 5.) In addition, the magistrate judge found that "Plaintiff does not allege he was in imminent danger of serious physical harm when he filed [the pending complaint] with the Court."

1

1  (*Id.* at 6.)  Therefore, the magistrate judge recommended the Court declare Plaintiff a three-strikes
2  litigant, revoke his *in forma pauperis* status, and direct payment of the filing fee.  (*Id.* at 7.)
3      Plaintiff filed timely objections to the Findings and Recommendations.  (Doc. 14.)
4  Plaintiff acknowledges that the dismissals in Case Nos. 2:13-cv-2125 EFB and 2:16-cv-1858
5  MCE CKD qualify as strikes.  (*Id.* at 1.)  However, Plaintiff maintains that the dismissal in
6  *Sherman,* Case No. 1:21-cv-1111 DAD SAB does not qualify as a strike because he voluntarily
7  dismissed the action pursuant to Rule 41 of the Federal Rules of Civil Procedure.  (*Id.* at 1; *see*
8  *also id.* at 1-5.)  He contends the dismissal in *Sherman* should not be counted as a strike because
9  "the action [was] terminated because Plaintiff voluntarily elected to withdraw it."  (*Id.* at 3.)  He
10  notes that under Section 1915(g), strikes are limited to actions that are dismissed if "frivolous,
11  malicious, or fails to stat[e] a cognizable claim."  (*Id.*)  Because dismissal under Rule 41 "involve
12  no legal finding or court action," Plaintiff contends such a dismissal does not qualify as a strike.
13  (*Id.* at 4.)  He maintains that in *Sherman*, his "complaint failed to state a claim but that the defects
14  were curable, and thus dismissed the complaint (but not the action) with leave to amend," and that
15  "[r]ather than amend, Plaintiff exercised his right to voluntarily dismiss his action."  (*Id.* at 4-5.)
16  Thus, Plaintiff contends the magistrate judge erred in finding the *Sherman* dismissal was a strike.
17  He also requests a stay in the proceedings pending the Ninth Circuit's decision on the appeals in
18  Case Nos. 1:23-cv-1033 JLT GSA, 1:20-cv-00682 JLT GSA, and 1:20-cv-1176 JLT GSA, in
19  which another plaintiff is appealing the Court's finding that certain dismissals qualified as strikes.
20  (*Id.* at 5.)
21      Significantly, Plaintiff's assertion that the defects in *Sherman* could be cured is belied by
22  the record.  The magistrate judge reviewed the screened the amended complaint in *Sherman* and
23  found "leave to amend would be futile and the first amended complaint should be dismissed
24  without leave to amend."  (Case No. 1:21-cv-1111, Doc. 12 at 7.)  Thus, contrary to Plaintiff's
25  assertion, the Court did not grant leave to amend or find the defects in the amended complaint
26  were curable.
27      Although the Ninth Circuit has not yet addressed whether a voluntary dismissal after a
28  finding that the plaintiff failed to state a claim qualifies as a strike, other courts—including circuit

2

courts— determined such a dismissal *does* qualify as a strike, because litigants should not be permitted to thwart the purposes of the PRLA through a voluntary dismissal.  *See, e.g., Large v. Beckham Cnty. Dist. Ct.,* 558 F. App'x 827, 829 (10th Cir. 2014) (plaintiff cannot use a voluntary dismissal under Rule 41(a) "to avoid the effect of a 'strike' under 28 U.S.C. § 1915(g) once his case was already screened and found meritless" [citations omitted]); *Taylor v. First Med. Mgmt.*, 508 F. App'x. 488, 497 (6th Cir. 2012) ("plaintiff cannot avoid incurring a strike by simply voluntarily dismissing a claim" because it would "subvert the purposes of the PLRA"); *Summer v. Tucker*, 9 F. Supp. 2d 641, 644 (D. Fl. 1998) ("It would frustrate the purpose of Section 1915(g) if an inmate was allowed to exploit this system by filing a meritless action and waiting until after it was reviewed to move for its dismissal"); *Bloodworth v. Timmerman-Cooper*, 2011 WL 1740031, at *4 (S.D. Ohio) ("generally speaking, a plaintiff should not be allowed to dismiss a case before an adverse Report and Recommendation is adopted just to avoid a strike").  These authorities suggest the Ninth Circuit may agree a voluntary dismissal after the Court expended judicial resources to screen a matter and found the plaintiff failed to state a claim—and recommended dismissal—qualifies as a strike.[1]

Regardless, the Court's review of Plaintiff's litigation history reveals at least one other dismissal that qualifies as a strike prior to the filing of this action.  While in custody at Tehachapi CCI, Plaintiff filed *Wright v. FNU Petty*, in the Western District of Oklahoma., Case No. 5:18-cv-00158-D.[2]  The assigned magistrate judge screened Plaintiff's complaint and found he "fail[ed] to state any claim upon which relief can be granted."  (Case No. 5:18-cv-00158-D, Doc. 9 at 10.)  Therefore, the magistrate judge recommended "dismissal with prejudice of [the] action under 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1)."  (*Id.*)  The Court held the "Report and

---

[1] The Court also acknowledges that, unlike the Sixth and Tenth Circuits, the Eleventh Circuit found a strike should not be assessed for a voluntary dismissal.  *Smith v. Williams*, 67 F.4th 1139, 11411 (11th Cir. 2023).  The Eleventh Circuit opined a litigant has a right to dismiss under Rule 41 at without limitations imposed by the PLRA, but noted this "interpretation may permit a prisoner to evade a strike by voluntarily dismissing a case after a magistrate judge's adverse screening recommendation."  *Id.*

[2] The Court may take judicial notice of facts that are capable of accurate and ready determination by resorting to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). Judicial notice may be taken of court records. *Valerio v. Boise Cascade Corp*., 80 F.R.D. 626, 635 n. 1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir. 1981). Accordingly, the Court takes judicial notice of the orders issued in Case No. 5:18-cv-00158-D in the Western District of Oklahoma and the related appeal.

1  Recommendation [was] adopted" and dismissed the case on June 26, 2018.  (Case No. 5:18-cv-
2  00158-D, Doc. 11.)  On appeal, the Tenth Circuit "affirm[ed] the district court's order dismissing
3  Wright's complaint for failure to state a claim."  (Case No. 5:18-cv-00158-D, Doc. 21 at 6.)
4  Because the action was dismissed for failure to state a claim, it also is a strike under Section
5  1915. *Lomax v. Ortiz- Marquez*, 590 U.S. 595, 603 (2020) ("A dismissal of a suit for failure to
6  state a claim counts as a strike, whether or not with prejudice").

7  Given the three indisputable strikes, the Court declines to stay the action pending
8  resolution of the appeals in the *Spencer* actions.  A district court has discretion to stay
9  proceedings pending an appeal of another action pursuant to its own inherent authority to manage
10  its docket. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Mediterranean Enterprises, Inc.
11  v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983).  In deciding whether to stay
12  proceedings pending resolution of an appeal in another action, a district court must weigh various
13  competing interests, including (1) the possible damage which may result from the granting of a
14  stay; (2) the hardship a party may suffer if the case goes forward; and (3) "the orderly course of
15  justice measured in terms of the simplifying or complicating of issues, proof, and questions of law
16  which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110
17  (9th Cir. 2005). Importantly, Plaintiff does not identify any possible damage from the denial of a
18  stay or a particular hardship to support his request for a stay.  (*See* Doc. 14 at 5.)  While the
19  *Spencer* appeals involve assessing strikes for voluntary dismissal, it is unclear whether the Ninth
20  Circuit will be required to determine whether a dismissal such as the one challenged in Plaintiff's
21  objections—where Plaintiff dismissed only after the Court found leave to amend was futile and
22  dismissal was recommended for failure to state a claim—qualifies as a strike.  Nevertheless, as
23  discussed above, the dismissal in the Western District of Oklahoma, Case No. 5:18-cv-00158-D,
24  qualifies as a strike and does not implicate the same legal issue.

25  According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case.
26  Having carefully reviewed the matter, the Court concludes the Plaintiff is not entitled to proceed
27  *in forma pauperis* in this matter because Plaintiff has at least three dismissals that qualify as
28  strikes under Section 1915(g), and he does not satisfy the imminent danger exception.  Thus, the

4

Court **ORDERS**:

1. The Findings and Recommendations issued September 30, 2024 (Doc. 13), are **ADOPTED** in full.
2. Plaintiff is declared a three strikes litigant under 28 U.S.C. § 1915(g).
3. The Clerk of Court is directed to update the case caption of the docket to reflect Plaintiff's status as a three-strikes litigant.
4. Plaintiff's *in forma pauperis* status is **REVOKED**.
5. Plaintiff's second motion to proceed in forma pauperis (Doc. 11) is **DENIED**.
6. Plaintiff's request for a stay is **DENIED**.
7. Within thirty days from the date of this order, Plaintiff **SHALL** pay the filing fee in full prior to proceed with this matter.

IT IS SO ORDERED.

Dated:   **November 26, 2024**

UNITED STATES DISTRICT JUDGE