**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KEITH JEROME WRIGHT, | Case No. 1:23-cv-01586 JLT GSA (PC) |
| Plaintiff, | INDICATIVE RULING GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION IN LIMITED PART |
| v. | |
| RODRIGUEZ, et al., | (Doc. 16) |
| Defendants. | |

    Keith Jerome Wright was initially granted leave to proceed *in forma pauperis* in this action. However, upon review of Plaintiff's litigation history, the Court found Plaintiff is subject to the three strikes bar of 28 U.S.C. § 1915(g). Therefore, the Court revoked Plaintiff's *in forma pauperis* status, declared him a three-strike litigant, and ordered Plaintiff to pay the filing fee in full to proceed with this action. (Docs. 13, 15.) Plaintiff now seeks reconsideration of the Court's order revoking his *in forma pauperis* status, reporting the Court erred in identifying one of the four strikes discussed in the order. (Doc. 16.)

    Notably, Plaintiff filed a notice of appeal the same day as the pending motion, as Plaintiff signed both the motion and notice of appeal on December 5, 2024; and the Court received both documents on December 12, 2024. In general, the filing of a notice of appeal divests the court of jurisdiction "over those aspects of the case involved in the appeal." *Stein v. Wood*, 127 F.3d 1187, 1189 (9th Cir. 1997). However, it appears the simultaneous filing of a notice of appeal and

1  a motion for reconsideration does not divest a district court of jurisdiction.  *See Sanders v.*
2  *Matthew*, 2016 WL 11486352, at *1 n.1 (E.D. Cal. Mar. 9, 2016)); *see also Miller v. Marriott*
3  *Int'l, Inc.,* 300 F.3d 1061, 1064 (9th Cir. 2002) ("Under [Rule 4(a)(4)(A), the [plaintiffs'] Rule
4  60(b) motions prevented the [plaintiffs'] notices of appeal from becoming effective until the
5  district court ruled on the merits of those motions.").  Even if the notice of appeal divests this
6  Court of jurisdiction, Rule 62.1 of the Federal Rule of Civil Procedure permits the Court to treat
7  Plaintiff's motion as a request for an indicative ruling. Fed. R. Civ. P. 62.1(a); *see also*
8  *Kajberouni v. Bear Valley Cmty. Servs. Dist.*, 2021 WL 1907606, at *2 (E.D. Cal. Sept. 14, 2021)
9  (observing "there is authority indicating that *simultaneous* filings do not operate to divest a
10 district court of jurisdiction," but issuing an "indicative ruling" under Rule 62.1 in "an abundance
11 of caution") (emphasis in original); *Braun–Salinas v. Am. Family Ins. Grp.*, 2015 WL 128040, at
12 *2 (D. Or. Jan. 8, 2015) (applying Rule 62.1 to a motion for reconsideration filed after a notice of
13 appeal).  Accordingly, the Court issues this as an indicative ruling.
14     As noted above, Plaintiff seeks reconsideration of the Court's order revoking his *in forma*
15 *pauperis* status.  (Doc. 16.)  Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, "[o]n
16 motion and just terms, the court may relieve a party or its legal representative from a final
17 judgment, order, or proceeding."  *Id.*  Rule 60(b) indicates such relief may be granted "for the
18 following reasons:"

19     (1) mistake, inadvertence, surprise, or excusable neglect;
20     (2) newly discovered evidence that, with reasonable diligence,
21     could not have been discovered in time to move for a new trial under Rule 59(b);
22     (3) fraud (whether previously called intrinsic or extrinsic),
23     misrepresentation, or misconduct by an opposing party;
24     (4) the judgment is void;
25     (5) the judgment has been satisfied, released, or discharged; it is
26     based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
27     (6) any other reason that justifies relief.
28 Fed. R. Civ. P. 60(b).

Plaintiff appears to bring his motion pursuant to Rule 60(b)(1), asserting mistake of the Court. With respect to "mistake" under Rule 60(b)(1), a party "may seek relief from an excusable mistake on the part of a party or counsel, or if the district court has made a substantive error of law or fact in its judgment or order." *Bretana v. Int'l Collection Corp.*, 2010 WL 1221925, at *1 (N.D. Cal. 2010) (citing *Utah ex. Rel. Div. of Forestry v. United States*, 528 F.3d 712, 722-23 (10th Cir. 2008)). In general, "an inadvertent mistake involves a misunderstanding of the surrounding facts and circumstances." *Melo v. Zumper, Inc.*, 2020 WL 1891796, at*3 (N.D. Cal. Apr. 16, 2020) (citing *Eskridge v. Cook Cty.*, 577 F.3d 806, 809 (7th Cir. 2009)).

Plaintiff contends the Court erred in its analysis regarding the cases qualifying as strikes under 28 U.S.C. § 1915(g). In the order revoking the *in forma pauperis* status, the Court identified four dismissals it determined qualified as strikes:

1. *Wright v. Sacramento Police Dep't*, Case No. 2:13-cv-02125 EFB (E.D. Cal. Aug 8, 2014) (dismissed for failure to amend after determination that matter failed to state a claim)

2. *Wright v. Bank of America*, Case No. 2:16-cv-01858 MCE CKD (E.D. Cal. Jan 31, 2017) (dismissal for failure to amend after determination that matter failed to state a claim)

3. *Wright v. Sherman*, Case No. 1:21-cv-01111 DAD SAB (E.D. Cal. Feb. 22, 2022) (voluntary dismissal after the recommendation for dismissal for failure to state a claim)

4. *Wright v. FNU Petty*, Case No. 5:18-cv-00158-D (W.D. Ok., dismissed June 26, 2018)

(Doc. 15.) Seeking reconsideration, Plaintiff asserts that *FNU Petty* "does not belong to Plaintiff" and he "was never in custody at Tehachapi CCI prison." (Doc. 16 at 2.)

To review Plaintiff's litigation history, the Court ran Plaintiff's name—Keith Wright—through its electronic filing system. Following the filing of the instant motion, and upon further review of the Court's records, it appears there are two individuals with the name "Keith Wright" who are incarcerated in the Eastern District in California. Plaintiff's assertion of error of fact is confirmed with the differing inmate identification numbers for Plaintiff and the individual who filed the *FNU Petty* action, Case No. 5:18-cv-00158-D. Because Plaintiff did not file *FNU Petty*, it should not be assessed as a strike.

3

1    Nevertheless, Plaintiff remains a three-strikes litigant based upon the other identified
2    actions, which are not addressed in the request for reconsideration.  (*See* Doc. 16 at 2.)  Toward
3    this end, the Court declines to disturb its decision to revoke Plaintiff's *in forma pauperis* status.
4    Moreover, it appears the issue may now be moot, because the Court received the filing fee in this
5    action on December 20, 2024.
6    Accordingly, for the reasons set forth above the court makes the following indicative
7    ruling pursuant to Federal Rule of Civil Procedure 62.1.  If the Court of Appeals remands this
8    case in order for the Court to rule on the pending motion for reconsideration—or if Plaintiff
9    voluntarily dismisses the appeal in light of the filing fee being paid—the Court will order:
10   1.   Plaintiff's motion for reconsideration (Doc. 16) is **GRANTED** in limited part, to
11        find Case No. 5:18-cv-00158-D does not count as a strike.
12   2.   The issue is **MOOT**, because the Court received payment of the filing fee on
13        December 20, 2024.

IT IS SO ORDERED.

Dated:    **December 22, 2024**

UNITED STATES DISTRICT JUDGE

4