# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH JEROME WRIGHT, <br><br>　　　　Plaintiff, <br><br>　　v. <br><br>RODRIGUEZ, et al., <br><br>　　　　Defendants. | Case No. 1:23-cv-01586 JLT GSA (PC) <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION IN LIMITED PART <br><br>(Doc. 16) |

    Keith Jerome Wright was initially granted leave to proceed *in forma pauperis* in this action. Upon review of Plaintiff's litigation history, the Court found Plaintiff is subject to the three strikes bar provided by 28 U.S.C. § 1915(g). Therefore, the Court revoked Plaintiff's *in forma pauperis* status and ordered him to pay the filing fee in full to proceed with this action. (Docs. 13, 15.) Plaintiff requested reconsideration of the Court's order revoking his *in forma pauperis* status, reporting the Court erred in identifying one of the four strikes discussed in the order. (Doc. 16.)

    Plaintiff filed a notice of appeal the same day as he filed his motion for reconsideration—signing both the motion and notice of appeal on December 5, 2024; and the Court received both documents on December 12, 2024. Given the pending appeal, this Court issued an indicative ruling on the motion pursuant to Rule 62.1 of the Federal Rules of Civil Procedure, stating its intentions in the event the Ninth Circuit dismissed the appeal or remanded the action to address

the motion for reconsideration.  (Doc. 20.)  Following dismissal of the appeal, the Court now converts its prior indicative ruling to an order addressing the motion. (*See* Docs. 16, 20.)

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding." *Id.*  Rule 60(b) indicates such relief may be granted "for the following reasons:"

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Plaintiff appears to bring his motion pursuant to Rule 60(b)(1), asserting mistake of the Court.  With respect to "mistake" under Rule 60(b)(1), a party "may seek relief from an excusable mistake on the part of a party or counsel, or if the district court has made a substantive error of law or fact in its judgment or order." *Bretana v. Int'l Collection Corp.*, 2010 WL 1221925, at *1 (N.D. Cal. 2010) (citing *Utah ex. Rel. Div. of Forestry v. United States*, 528 F.3d 712, 722-23 (10th Cir. 2008)).  In general, "an inadvertent mistake involves a misunderstanding of the surrounding facts and circumstances." *Melo v. Zumper, Inc.*, 2020 WL 1891796, at *3 (N.D. Cal. Apr. 16, 2020) (citing *Eskridge v. Cook Cty.*, 577 F.3d 806, 809 (7th Cir. 2009)).

Plaintiff contends the Court erred in its analysis regarding the cases qualifying as strikes under 28 U.S.C. § 1915(g).  In the order revoking the *in forma pauperis* status, the Court identified four dismissals it determined qualified as strikes:

> 1. *Wright v. Sacramento Police Dep't*, Case No. 2:13-cv-02125 EFB (E.D. Cal. Aug 8, 2014) (dismissed for failure to amend after determination that matter failed to state a claim)

2

2. *Wright v. Bank of America*, Case No. 2:16-cv-01858 MCE CKD (E.D. Cal. Jan 31, 2017) (dismissal for failure to amend after determination that matter failed to state a claim)

3. *Wright v. Sherman*, Case No. 1:21-cv-01111 DAD SAB (E.D. Cal. Feb. 22, 2022) (voluntary dismissal after the recommendation for dismissal for failure to state a claim)

4. *Wright v. FNU Petty*, Case No. 5:18-cv-00158-D (W.D. Ok., dismissed June 26, 2018)

(Doc. 15.) Seeking reconsideration, Plaintiff asserts that *FNU Petty* "does not belong to Plaintiff" and he "was never in custody at Tehachapi CCI prison." (Doc. 16 at 2.)

To review Plaintiff's litigation history, the Court ran Plaintiff's name—Keith Wright—through its electronic filing system. Following the filing of the request for reconsideration, and upon further review of the Court's records, it appears there are two individuals with the name "Keith Wright" who are incarcerated in the Eastern District in California. Plaintiff's assertion of error of fact is confirmed with the differing inmate identification numbers for Plaintiff and the individual who filed the *FNU Petty* action, Case No. 5:18-cv-00158-D. Because Plaintiff did not file *FNU Petty*, it should not be assessed as a strike.

Nevertheless, Plaintiff remains a three-strikes litigant based upon the other identified actions, which are not addressed in the request for reconsideration. (*See* Doc. 16 at 2.) Toward this end, the Court declines to disturb its decision to revoke Plaintiff's *in forma pauperis* status. Moreover, the issue is moot, because the Court received the filing fee on December 20, 2024. Thus, the Court **ORDERS**:

1. Plaintiff's motion for reconsideration (Doc. 16) is **GRANTED** in limited part, to find Case No. 5:18-cv-00158-D does not count as a strike.

2. The issue is **MOOT**, because the Court received payment of the filing fee.

IT IS SO ORDERED.

Dated: __May 23, 2025__                                          /s/ Jennifer L. Thurston
                                                                    UNITED STATES DISTRICT JUDGE

3