**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KEITH JEROME WRIGHT,<br><br>           Plaintiff,<br><br>      v.<br><br>RODRIGUEZ, et al.,<br><br>           Defendants. | Case No. 1:23-cv-01586 JLT GSA (PC)<br><br>ORDER REINSTATING PLAINTIFF'S *IN FORMA PAUPERIS* STATUS<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR A REFUND<br><br>(Doc. 31) |

Keith Jerome Wright was initially granted leave to proceed *in forma pauperis* in this action. However, upon review of Plaintiff's litigation history, the Court found Plaintiff is subject to the three strikes bar of 28 U.S.C. § 1915(g). Therefore, the Court revoked Plaintiff's *in forma pauperis* status, declared him a three-strike litigant, and ordered Plaintiff to pay the filing fee in full to proceed with this action. (Docs. 13, 15.) In doing so, the Court found the following dismissals counted as strikes:

1. *Wright v. Sacramento Police Dep't*, Case No. 2:13-cv-02125 EFB (E.D. Cal. Aug 8, 2014) (dismissed for failure to amend after determination that matter failed to state a claim)

2. *Wright v. Bank of America*, Case No. 2:16-cv-01858 MCE CKD (E.D. Cal. Jan 31, 2017) (dismissal for failure to amend after determination that matter failed to state a claim)

3. *Wright v. Sherman*, Case No. 1:21-cv-01111 DAD SAB (E.D. Cal. Feb. 22, 2022) (voluntary dismissal after the recommendation for dismissal for failure to state a claim)

1

(*See* Doc. 15.) After the Court revoked Plaintiff's *in forma pauperis* status, Elizabeth Stewart paid the filing fee on behalf of Plaintiff.

On June 6, 2025, the Ninth Circuit determined that "Rule 41(a)(1) voluntary dismissals cannot count as strikes." *Spencer v. Barajas*, 2025 WL 1600926, at *5 (9th Cir. 2025). Following this determination, Plaintiff requested "his In Forma Pauperis Status be re-instated and the filing fee be returned to his family member. (Doc. 31 at 1.) The Court construes this as a motion for reconsideration.

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding." *Id.* Rule 60(b) indicates such relief may be granted "for the following reasons:"

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The Court finds relief is appropriate, because after the Court issued its order counting Plaintiff's voluntary dismissal in *Wright v. Sherman*, Case No. 1:21-cv-01111 as a strike, the Ninth Circuit determined such a dismissal is not strikes. *See Spencer*, 2025 WL 1600926, at *5. As a result, Plaintiff has only two strikes under 28 U.S.C. § 1915 and is entitled to proceed *in forma pauperis* in this matter.

However, Plaintiff is not entitled to request a refund on behalf of another individual. Because the filing fee was paid by Ms. Stewart, she must file any written request for the filing fee to be paid. In the event Ms. Stewart moves for such a refund and it is granted, the Court will begin making periodic deductions from Plaintiff's prison account until the fees are paid. Based

upon the foregoing, the Court **ORDERS**:

1. Plaintiff's request to reinstate his *in forma pauperis* status, construed as a motion for reconsideration, is **GRANTED**.
2. Plaintiff's *in forma pauperis* status is **REINSTATED** and he will receive the benefit of that status henceforth.
3. Plaintiff's motion for a refund is **DENIED**.

IT IS SO ORDERED.

Dated:   **July 1, 2025**

UNITED STATES DISTRICT JUDGE